IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL FRYE,

     Plaintiff,                    No. CIV S-05-1377 LKK KJM PS

    vs.

PHILIP MORRIS, USA, et al.,

                                  FINDINGS AND RECOMMENDATIONS

     Defendants.

_____/

        Pending before the court are motions to dismiss brought by all defendants except for defendant British American Tobacco.[1] Defendants Jenner, Gallaher Group Plc, and Gallaher Limited (the "Gallaher defendants") contend this court has no personal jurisdiction over them.[2] Defendants Brown and Williamson, R.J. Reynolds Tobacco Holdings, Inc., Reynolds American,

---

[1] Although defendant British American Tobacco has not responded to the amended complaint, it appears that this defendant has not been timely served with summons. The proof of service for this defendant, filed September 30, 2005, does not demonstrate compliance with Federal Rule of Civil Procedure 4(h). As discussed below, the amended complaint fails to state a claim for breach of contract or conspiracy to defraud against defendants Brown and Williamson, R.J. Reynolds Tobacco Holdings, Inc., Reynolds American, Inc., and Philip Morris. For the reasons stated herein, the amended complaint should be dismissed against defendant British American Tobacco as well.

[2] Because the court finds these defendants must be dismissed for lack of personal jurisdiction, the court declines to reach the arguments raised by these defendants with respect to Rule 12(b)(6).

1

1  Inc. and defendant Philip Morris do not dispute personal jurisdiction but contend plaintiff has
2  failed to state a claim.
3        This action arises out of plaintiff's claim that his idea for a shortened cigarette
4  was misappropriated by defendant Gallaher and that the other named defendants conspired with
5  defendant Gallaher to defraud plaintiff.  The Gallaher defendants' motions under Federal Rule of
6  Civil Procedure 12(b)(2) are well taken.  Under California's long-arm statute, personal
7  jurisdiction may be exercised to the extent permitted by due process.  Cal. Code Civ. Proc.
8  § 410.10; see Data Disc, Inc. v. Sys. Technology Assocs., Inc., 557 F.2d 1280, 1286 (9th
9  Cir. 1977).  As such, nonresidents must have certain minimum contacts with the state.
10 Defendant Jenner, Gallaher's Managing Director for the United Kingdom, is a citizen of the
11 United Kingdom.  Gallaher Group Plc is organized under the laws of England and Wales with its
12 principal place of business in Surrey, England.  See Affidavit of Thomas Keevil.  Defendant
13 Gallaher Limited is a subsidiary of Gallaher Group Plc.  The only allegation of any contact these
14 defendants had with plaintiff was that defendant Jenner responded to a letter from a colleague of
15 plaintiff by suggesting a confidentiality agreement was appropriate before plaintiff disclosed his
16 idea.  See First Amended Complaint, Ex. B.  This limited contact is insufficient to support
17 personal jurisdiction.  Cf. VCS Samoa Packing Co. v. Blue Continent Prods. (PTY) Ltd., 83
18 F. Supp. 2d 1151, 1153-54 (S.D. Cal. 1998), aff'd, 202 F.3d 280 (9th Cir. 1999).
19       Defendants Brown and Williamson, R.J. Reynolds Tobacco Holdings, Inc.,
20 Reynolds American, Inc., and Philip Morris (the "non-Gallaher defendants") also correctly
21 contend the amended complaint states no cognizable claim for breach of contract or fraud.  There
22 are no allegations of a contract between these defendants and plaintiff.  The exhibits attached to
23 plaintiff's complaint demonstrate, at most, an agreement between plaintiff and defendant Jenner
24 on behalf of defendant Gallaher Limited.  With respect to the conspiracy to defraud claim, the
25 conclusory allegations of collusion between the non-Gallaher defendants and the Gallaher
26 defendants fall woefully short of the particularity in pleading requirements of Federal Rule of

1  Civil Procedure 9(b).  See Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d
2  1393, 1400-01 (9th Cir. 1986).
3         Plaintiff amended his complaint once as a matter of right in response to motions
4  to dismiss noticed by defendants Gallaher and Philip Morris.  Plaintiff confirmed in open court at
5  the hearing on the pending motions to dismiss that he has nothing further to submit in connection
6  with his claims.  It appears further amendment would be futile.  The court therefore will
7  recommend the motions to dismiss be granted without leave to amend.
8         Accordingly, IT IS HEREBY RECOMMENDED that:
9         1. Defendants' motions to dismiss be granted; and
10        2. This action be dismissed.
11        These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, as provided by Title 28 U.S.C. § 636(b)(l).  Within ten days after
13 being served with these findings and recommendations, any party may file written objections
14 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
15 to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be
16 served and filed within ten days after service of the objections.  The parties are advised that
17 failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED:  December 29, 2005.

UNITED STATES MAGISTRATE JUDGE

006
frye.57